UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AND AT&T CORP.;<br><br>*Defendants*. | Case No.   2:23-cv-00380<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Defendants AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "Defendants" or "AT&T") alleging infringement of U.S. Patent No. 7,924,802 (the "'802 patent") (the "Patent-in-Suit" or "Asserted Patent").

**Plaintiff Cobblestone and the Patents-in-Suit**

1.  Plaintiff Cobblestone Wireless, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2.  On information and belief, Defendant AT&T Services, Inc. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 208 South Akard Street, Dallas, Texas 75202. AT&T Services, Inc. has as its registered agent for service: CT Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.  On information and belief, Defendant AT&T Mobility LLC is a limited liability company organized and existing under the laws of Delaware, with its principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319. AT&T Mobility LLC has as its registered

agent for service: The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.      On information and belief, Defendant AT&T Corp. is a corporation organized and existing under the laws of the State of New York, with a principal place of business at One AT&T Way, Bedminster, New Jersey 07921-0752. AT&T Corp. has as its registered agent for service: C T Corporation System, located at 28 Liberty Street, New York, New York, 10005.

## Jurisdiction and Venue

5.      This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over AT&T in this action because AT&T has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over AT&T would not offend traditional notions of fair play and substantial justice. AT&T, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the asserted patents, including without limitation the tablets and phones accused of infringement in this case and cellular services offered by AT&T on its network.

7. AT&T, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

8. Venue as to AT&T is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, AT&T resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

9. For example, AT&T advertises its wireless networks as available in Texas, including within the Eastern District of Texas. *See e.g.*, https://www.att.com/maps/wireless-coverage.html:



3

10.     AT&T had more than 196 million subscribers as of March 31, 2022.[1]

11.     On information and belief, AT&T owns and operates a foundry at 2900 West Plano Parkway, Plano, Texas 75075.[2]

## Count 1 – Claim for infringement of the '802 patent.

12.     Cobblestone incorporates by reference each of the allegations in paragraphs 1–11 above and further alleges as follows:

13.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,924,802 (the "'802 Patent"), entitled "Wireless Communication Systems and Methods." The '802 Patent was duly and legally issued by the United States Patent and Trademark Office on April 12, 2011. A true and correct copy of the '802 Patent is attached as Exhibit 1.

14.     On information and belief, AT&T makes, uses, offers for sale, sells, and/or imports certain products and services ("Accused Instrumentalities"), including cellular base stations, mobile products, and services that support 3GPP carrier aggregation, including without limitation Apple mobile products, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '802 Patent.

15.     AT&T also knowingly and intentionally induces infringement of at least Claim 1 of the '802 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, AT&T has had knowledge of the '802 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '802 Patent, AT&T continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly

---

[1] https://investors.att.com/~/media/Files/A/ATT-IR-V2/financial-reports/quarterly-earnings/2022/1Q22/ATT_1Q22_8K.pdf.
[2] *See e.g.*, https://about.att.com/story/2018/plano_foundry.html.

infringe the '802 Patent. AT&T does so knowing and intending that its customers and end users will commit these infringing acts. AT&T also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '802 Patent, thereby specifically intending for and inducing its customers to infringe the '802 Patent through the customers' normal and customary use of the Accused Instrumentalities.

16. AT&T has also infringed, and continue to infringe, at least Claim 1 of the '802 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '802 Patent, are especially made or adapted to infringe the '802 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. AT&T has been, and currently is, contributorily infringing the '802 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

17. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '802 Patent. A claim chart comparing independent claim 1 of the '802 Patent to representative Accused Instrumentalities is attached as Exhibit 2.

18. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, AT&T has injured Plaintiff and are liable for infringement of the '802 Patent pursuant to 35 U.S.C. § 271.

19. As a result of AT&T's infringement of the '802 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for AT&T's infringement, but in no event less than a reasonable royalty for the use made of the invention by AT&T, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

20. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A. A judgment in favor of Cobblestone that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '802 Patent, and that the '802 Patent is valid, enforceable, and patent-eligible;

B. A judgment and order requiring Defendants to pay Cobblestone compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for their infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to Defendants' infringement of the '802 Patent;

D. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E. A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F. Any and all other relief to which Cobblestone may be entitled.

Dated:  August 25, 2023                          Respectfully submitted,

                                                 /s/ Reza Mirzaie
                                                 Reza Mirzaie

        CA State Bar No. 246953
        Marc A. Fenster
        CA State Bar No. 181067
        Neil A. Rubin
        CA State Bar No. 250761
        Christian W. Conkle
        CA State Bar No. 306374
        Amy E. Hayden
        CA State Bar No. 287026
        Jonathan Ma
        CA State Bar No. 312773
        Jacob R. Buczko
        CA State Bar No. 269408
        Peter Tong
        TX State Bar No. 24119042
        Matthew D. Aichele
        VA State Bar No. 77821
        RUSS AUGUST & KABAT
        12424 Wilshire Boulevard, 12th Floor
        Los Angeles, CA  90025
        Telephone: 310-826-7474
        Email: rmirzaie@raklaw.com
        Email: mfenster@raklaw.com
        Email: nrubin@raklaw.com
        Email: cconkle@raklaw.com
        Email: ahayden@raklaw.com
        Email: jma@raklaw.com
        Email: jbuczko@raklaw.com
        Email: ptong@raklaw.com
        Email: maichele@raklaw.com

        **ATTORNEYS FOR PLAINTIFF,**
        **COBBLESTONE WIRELESS, LLC**